GAMLEN CHEMICAL COMPANY, HARRY GAMLEN, HARRY C. GAMLEN AND JAMES E. GAMLEN, CO-PARTNERS, PETITIONERS, *v.* UNITED STATES OF AMERICA, RESPONDENT.

Docket No. 902–R. Filed January 31, 1957.

*Lawrence Livingston, Esq.,* for the petitioners.
*James H. Prentice, Esq.,* for the respondent.

MURDOCK, *Judge:* The War Contracts Price Adjustment Board notified Gamlen Chemical Company of a determination that its profits derived from contracts and subcontracts subject to renegotiation for 1944 were excessive and should be eliminated in the amount of $100,-000. The only issue requiring decision is whether the renegotiable income of one subject to renegotiation can be reduced below $500,000 by a determination eliminating excessive profits from that renegotiable income.

The facts have been submitted by a stipulation which is adopted as the findings of fact.

Gamlen Chemical Company is a partnership composed of Harry Gamlen and his sons, Harry C. and James E. Gamlen. It received or accrued $400,955 in 1944 under contracts or subcontracts subject to renegotiation. The interests of Harry Gamlen and his two sons in Gamlen Chemical Company and in Gamlen Marine Service Company, another partnership, were identical. Gamlen Marine Service Company received or accrued $157,335 from renegotiable contracts or subcontracts during the last 9 months of 1944. No excessive profits have been determined against it.

Section 403 (c) (6) of the Renegotiation Act of 1943 provides that the Act is applicable to all contracts unless the aggregate of the amounts received or accrued for the year by the contractor or subcontractor and all persons under common control with them does not exceed $500,000. It is conceded that Gamlen Chemical Company and Gamlen Marine Service Company were under common control and that the total income of the two, subject to renegotiation, exceeds $500,000.

The petitioner argues that since those profits exceed $500,000 by only $58,290, only the latter amount can be determined and eliminated as excessive profits. See Renegotiation Regs., par. 348.3 (2). The Government's argument is that a larger amount can be determined to be excessive profits and as such can be eliminated, once the total renegotiable income of the petitioner and the other partnership "under common control" exceeds $500,000 for the year.

The issue is decided in favor of the United States on authority of *George M. Wolff, et al.* v. *Macauley,* 12 T. C. 1217. Cf. *Beeley* v. *War Contracts Price Adjustment Board,* 12 T. C. 61. The *Wolff* case arose under the Renegotiation Act of 1942, but the language of the determinative statutory provisions of that Act are not materially different from those of the Renegotiation Act of 1943, which is controlling here and which raised the minimum amount subject to renegotiation from $100,000 to $500,000. Renegotiation Regulations, paragraph

348.3 (2), issued under the 1943 Act, was considered in the *Wolff* case, as were remarks of Senator George at the time the 1943 Act was under consideration. The discussion in that case disposes of the arguments made herein. The *Wolff* case has been followed heretofore by this Court and there appears to be no contrary authority.

*Decision will be entered for the respondent.*